**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

———————————————————— :
: 
HOPEWELL VALLEY REGIONAL : 
BOARD OF EDUCATION, : 
: 
Plaintiff, : 
:       Civil Action No. 17-6612-BRM-TJB
v. : 
: 
J.R. AND C.H. o/b/o S.R., :       **OPINION**
: 
: 
Defendants. : 
———————————————————— :

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendants J.R. and C.H. o/b/o S.R.'s ("Defendants") Motion to Dismiss Plaintiff Hopewell Valley Regional Board of Education's ("Plaintiff" or the "Board") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). (ECF No. 4.) The Board opposes the Motion. (ECF No. 5.) Pursuant to Federal Rule of Civil Procedure 78(b), the Court did not hear oral argument. For the reasons set forth herein, the Motion to Dismiss the Complaint is **GRANTED IN PART** and **DENIED IN PART**.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

For the purposes of this motion, the Court accepts the factual allegations in the Complaint as true, considers any document "*integral to or explicitly relied upon* in the complaint," and draws all inferences in the light most favorable to the Plaintiff. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997); *see Phillips v. Cty. of Allegheny,* 515 F.3d 224, 228 (3d Cir. 2008)

Here, the Board seeks an interlocutory appeal of several decisions in an administrative

action (the "Administrative Action"), which J.R. and C.H. filed on behalf of their daughter, S.R., pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.* ("IDEA"). (*See* Compl. (ECF No. 1).)

### A. The Board's Allegations Regarding S.R.'s Enrollment and Withdrawal from the Hopewell Valley School District

The Board contends, at the time the Complaint was filed, S.R. was an eleventh-grade student at the Lewis School, a private school she attended since kindergarten. (*Id.* ¶¶ 1, 4.) When S.R. was in preschool, a public school Child Study Team ("CST") evaluated her and determined she was eligible for special education and related services.[1] (*Id.* ¶ 3.) The public school offered an Individualized Education Program ("IEP"), which J.R. and C.H. declined to implement. (*Id.*) The Board claims, on March 1, 2006, J.R. and C.H. enrolled S.R. in the Hopewell Valley Public School District (the "District") for kindergarten but withdrew her and enrolled her at the Lewis School before she attended any school in the District. (*Id.* ¶ 4.) The Board states S.R. attended the Lewis School each year from kindergarten to the present. (*Id.* ¶ 5.)

The Board claims, in the summer of 2013, J.R. and C.H. notified the District S.R. would be transferring from the Lewis School. (*Id.* ¶ 6.) The Board alleges S.R. was not classified as eligible for special education at that time, and the District therefore prepared a schedule of general education classes for her at an August 20, 2013 meeting between one of her parents and a school guidance counselor. (*Id.* ¶¶ 7, 9.) J.R. and C.H. provided the guidance counselor with the results of private tests S.R. had taken between December 2012 and April 2013. (*Id.* ¶ 10.) The District arranged for S.R. to take general education inclusion classes taught by both general and special education teachers, and a basic skills instruction for math. (*Id.* ¶ 11.)

The Board alleges, on September 4, 2013, the District's CST received a request from J.R.

---

[1] The Complaint does not specify which public school district conducted the evaluation.

and C.H. to evaluate S.R. to determine her eligibility for special education. (*Id.* ¶ 13.) The District scheduled a meeting with J.R. and C.H. for September 16, 2013, to discuss whether S.R. would be evaluated. (*Id.* ¶ 14.) The Board alleges J.R. and C.H. never informed the District S.R. would not be attending school in the District, but S.R. did not arrive for classes when the school year began on September 6, 2013. (*Id.* ¶¶ 15-16.) The District asked J.R. and C.H. why S.R. was not in school, and they informed the Board S.R. would continue to attend the Lewis School. (*Id.* ¶ 17.)

J.R. and C.H. wrote to the District on September 8, 2013, to request funding and transportation from the Board for S.R.'s attendance at the Lewis School. (*Id.* ¶ 18.) The District notified J.R. and C.H. that S.R. had been dropped from the District's rolls because students cannot be enrolled in two schools at once, and therefore, the meeting planned for September 16, 2013, was cancelled. (*Id.* ¶¶ 19-20.) A District employee informed J.R. and C.H. they could obtain an evaluation of S.R. from the public school district in which the Lewis School is located. (*Id.* ¶ 21.)

The Board claims the District later learned J.R. and C.H. had signed a contract on January 7, 2013—months before they enrolled S.R. in the District—which committed S.R. to attending the Lewis School for the 2013-14 school year. (*Id.* ¶ 22.) The Board alleges the contract required J.R. and C.H. to pay the 2013-14 tuition to the Lewis School, and on January 9, 2013, they paid the full tuition for S.R. to attend the Lewis School that year. (*Id.* ¶¶ 23-24.) The Board contends the contract stated J.R. and C.H. would not receive any refund if S.R. were withdrawn from the Lewis School before the school year began. (*Id.* ¶ 25.)

### B. The Administrative Action

On January 7, 2014, J.R. and C.H. commenced the Administrative Action by filing a due process petition (the "Petition") in which they sought reimbursement for various expenses related to S.R.'s education, including tuition to the Lewis School from the time she was re-registered with the District, transportation, attorney's fees, evaluation costs, and private tutoring and therapy. (*Id.*

3

¶¶ 28-29.) On January 17, 2014, the Board filed a sufficiency challenge to the Petition, which the Honorable Lisa James-Beavers, A.L.J. ("ALJ James-Beavers") denied on January 27, 2014. (*Id.* ¶¶ 30-31.) On July 10, 2014, the Board filed a motion for summary decision seeking to dismiss the petition for failure to state a viable claim. (*Id.* ¶ 35.) J.R. and C.H. filed a cross-motion for summary decision seeking evaluations of S.R. by the District. (*Id.* ¶ 36.) On September 24, 2014, the Honorable Ronald W. Reba, A.L.J. ("ALJ Reba"), to whom the Administrative Action had been assigned, denied the Board's motion and granted J.R. and C.H.'s motion. (*Id.* ¶¶ 34, 44-45.)

The Board contends the District complied with ALJ Reba's ruling and evaluated S.R. (*Id.* ¶ 46.) The Board claims, on March 20, 2015, the District's CST found S.R. eligible for special education and related services and offered her an IEP for the remainder of the 2014-15 school year. (*Id.* ¶ 47.)

Shortly after ALJ Reba issued the September 24, 2014 decisions, he retired and the Administrative Action was reassigned to the Honorable John S. Kennedy, A.L.J. ("ALJ Kennedy") (*Id.* ¶ 50.) On June 25, 2015, the Board filed a second motion for summary decision based on its recent discovery that J.R. and C.H. entered into a contract with and made payment to the Lewis School. (*Id.* ¶ 51.) On September 24, 2015, ALJ Kennedy denied the Board's second motion for summary decision. (*Id.* ¶ 55.)

On December 4, 2015, the Board filed suit in this Court seeking interlocutory review of: (1) ALJ James-Beavers's denial of the Board's sufficiency challenge, (2) ALJ Reba's denial of the Board's motion for summary decision, and (3) ALJ Kennedy's denial of the Board's second motion for summary decision.[2] *Hopewell Valley Reg'l Bd. of Ed. v. J.R. and C.H. o/b/o S.R.*, No.

---

[2] Curiously, the Complaint makes no mention of the lawsuit, but the Court may consider publicly recorded documents, including prior court records, which are self-authenticating. F.R.E. 803(14).

15-cv-8477, 2016 WL 866934, at *2 (D.N.J. Mar. 7, 2016), *reconsideration denied* 2016 WL

1761991 (D.N.J. May 3, 2016). On March 7, 2016, the Honorable Freda L. Wolfson, U.S.D.J.

granted J.R. and C.H.'s motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).

*Id.* at *1. Judge Wolfson found the Court lacked subject matter jurisdiction because the lawsuit

was untimely pursuant to 20 U.S.C. § 1415(i)(2)(A), as no impartial hearing had yet occurred in

the matter. *Id.* at *3.

ALJ Kennedy held proceedings on April 13 and 19, May 18, and September 13 and 21,

2016, and January 31 and February 27, 2017. (ECF No. 1 ¶ 56.) On July 27, 2017, ALJ Kennedy

issued an order concluding the District had denied S.R. a free and appropriate public education

("FAPE") and finding S.R. was entitled to compensatory education from September 2013 through

March 2015. (*Id.* ¶ 61.) On August 31, 2017, the Board filed this Complaint, though it

acknowledged the proceedings before ALJ Kennedy were scheduled to continue on September 12

and 25, and November 29, 2017. (*Id.* ¶ 62.)

The Complaint seeks an interlocutory appeal of: (1) ALJ James-Beavers's January 27, 2015

denial of the Board's sufficiency challenge (Count One); (2) ALJ Reba's September 24, 2014 grant

of J.R. and C.H.'s cross-motion for summary decision (Count Two); (3) ALJ Reba's September

24, 2014 denial of the Board's motion for summary decision (Count Three); (4) ALJ Kennedy's

September 24, 2015 denial of the Board's second motion for summary decision (Count Four); and

(5) ALJ Kennedy's July 27, 2017 order finding the District failed to provide S.R. with a FAPE

(Count Five).[3]

---

[3] Counts One through Four are nearly identical to Counts One through Four in the Board's
complaint in the case Judge Wolfson decided. *See* Docket No. 15-8477 (ECF No. 1).

## II.  LEGAL STANDARD

Defendants move to dismiss the Complaint on the ground the Court lacks subject matter jurisdiction, pursuant to Rule 12(b)(1). (ECF No. 4.) "Caution is necessary because the standards governing the two rules differ markedly, as Rule 12(b)(6) provides greater procedural safeguards for plaintiffs than does Rule 12(b)(1)." *Davis v. Wells Fargo*, 824 F.3d 333, 348-49 (3d Cir. 2016).

"A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis*, 824 F.3d at 346. A facial attack "challenges the subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Id.* (citing *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). A factual attack, on the other hand, "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Id.* (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). A "factual challenge allows a court [to] weigh and consider evidence outside the pleadings." *Id.* (citation omitted). Thus, when a factual challenge is made, "no presumptive truthfulness attaches to [the] plaintiff's allegations." *Id.* (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Rather, "the plaintiff will have the burden of proof that jurisdiction does in fact exist," and the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.*

The Third Circuit has "repeatedly cautioned against allowing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits." *Davis*, 824 F.3d at 348-49 (collecting cases). "[D]ismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id.* at 350 (quoting *Kulick v. Pocono*

*Downs Racing Ass'n, Inc.*, 816 F.2d 895, 899 (3d Cir. 1987)). "In this vein, when a case raises a disputed factual issue that goes both to the merits and jurisdiction, district courts must 'demand less in the way of jurisdictional proof than would be appropriate at a trial stage.'" *Id.* (citing *Mortensen*, 549 F.2d at 892 (holding that dismissal under Rule 12(b)(1) would be "unusual" when the facts necessary to succeed on the merits are at least in part the same as must be alleged or proven to withstand jurisdictional attacks)). These cases make clear that "dismissal via a Rule 12(b)(1) factual challenge to standing should be granted sparingly." *Id.*

Here, Defendants assert both a facial 12(b)(1) challenge, arguing the Court lacks subject matter jurisdiction because the IDEA does not provide jurisdiction to file a complaint in federal court challenging the underlying decisions before a due process hearing, *see* 20 U.S.C. § 1415(i)(2)(A), and two factual challenges, one based on mootness and another based on the Board's failure to exhaust administrative remedies, *see J.Q. v. Wash. Twp. Sch. Dist.*, 92 F. Supp. 3d 241, 245 (D.N.J. 2015); *A.D. v. Haddon Heights Bd. of Ed.*, 90 F. Supp. 3d 326, 334 (D.N.J. 2015).

## III.  DECISION

Defendants argue the Complaint should be dismissed because: (1) the Court lacks subject matter jurisdiction over Counts One through Four under the IDEA; (2) the Board's appeal of Judge Reba's grant of J.R. and C.H.'s cross-motion for summary decision (Count Two) is moot because the District has already evaluated S.R. in compliance with that decision; and (3) the Court lacks subject matter jurisdiction over the Board's appeal of Judge Kennedy's July 27, 2017 order finding the District failed to provide S.R. with a FAPE (Count Five) because the Board has not exhausted its administrative remedies. (Ps.' Br. in Supp. of the Mot. to Dismiss (ECF No. 4-2) at 7-12.) The Court considers these arguments in turn.

## A. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). "Under the IDEA, a state receiving federal educational funding must provide children within that state a [FAPE]." *C.H. v. Cape Henlopen Sch. Dist.*, 606 F.3d 59, 65 (3d Cir. 2010) (citing 20 U.S.C. §§ 1412(a)(1)(A), 1401(9)). Section 1415(b) of the IDEA "establishes an elaborate procedural mechanism" to protect a child's right to FAPE. *Komninos v. Upper Saddle River Bd. of Educ.*, 13 F.3d 775, 778 (3d Cir. 1994). "One such procedural safeguard is the right of those aggrieved by violations of the IDEA to a due process hearing before an administrative official." *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 274 (3d Cir. 2014). In turn, "any party aggrieved by the findings and decision rendered [by the administrative official] may appeal such findings and decision to the State educational agency." *Id.* (quoting 20 U.S.C. § 1415(g)(1)) (brackets in original). Finally, after an exhaustion of this administrative process, "the IDEA permits any aggrieved party to bring a civil action in state or federal court" and grants federal district courts subject-matter jurisdiction over such actions. *Id.*

However, the right to file a civil action in federal district court for review of the state administrative action is not unlimited. Rather, the IDEA provides in pertinent part, as follows:

(1) In general.

> (A) Decision made in hearing. A decision made in a hearing conducted pursuant to subsection (f) or (k) shall be final, except that any party involved in such hearing may appeal such decision under the provisions of subsection (g) and paragraph (2).

> (B) Decision made at appeal. A decision made under subsection (g) shall be final, except that any party may bring an action under paragraph (2).

> (2) Right to bring civil action.

>> (A) In general. Any party aggrieved by the findings and decision made under subsection (f) or (k) who does not have the right to an appeal under subsection (g), and any party aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy.

20 U.S.C. §§ 1415(i)(1) to 1415(i)(2)(A); *see also Hopewell Valley Reg'l. Bd. of Ed.*, 2015 WL 1761991, at *3 (explaining the limits of federal subject-matter jurisdiction over IDEA appeals); *H.T. v. Hopewell Valley Reg'l Bd. of Ed.*, No. 14-cv-1308, 2015 WL 4915652, at *6 (same). The plain language of the IDEA, therefore, permits an appeal to the federal courts only where a party is "aggrieved by the findings and decision" made under subsections (f), (k), or (g) of the statute. *Hopewell Valley Reg'l. Bd. of Ed.*, 2015 WL 1761991, at *3; *H.T*, 2015 WL 4915652, at *6. Here, the parties agree the only subjection that could apply is subsection (f),[4] which provides, in pertinent part:

> (f) Impartial due process hearing

>> (1) In general

>> (A) Hearing

>> Whenever a complaint has been received under subsection

---

[4] Neither party argues subsection (g) or (k) applies, nor does either party cite those subsections. (*See* ECF Nos. 4 and 5.) Subsection (k) of the statute involves the process for placement of a child in an alternative educational setting, which is not at issue here. *See* 20 U.S.C. § 1415(k). Similarly, subsection (g) is not at issue here, because it involves appeals to the State educational agency of the initial decisions made at the impartial due process hearing before the local educational agency. *See* 20 U.S.C. § 1415(g).

> (b)(6) or (k), the parents or the local educational agency involved in such complaint shall have an opportunity for an impartial due process hearing, which shall be conducted by the State educational agency or by the local educational agency, as determined by State law or by the State educational agency.

20 U.S.C. §§ 1415(f)(1)(A).

The issue is which decisions, if any, rendered to this point by the ALJs can be appealed under subsection (f). The Board asserts this Court has subject-matter jurisdiction over its appeal of the decisions of ALJ James-Beavers, ALJ Reba, and ALJ Kennedy pursuant to subsection (f). (ECF No. 5 at 7.) However, subsection (f) of the statute "concerns due process hearings, and the only decision contemplated by the plain meaning of that subsection is the decision following the due process hearing." *M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1087 (9th Cir. 2012); *see also Hopewell Valley Reg'l. Bd. of Ed.*, 2015 WL 1761991, at *3. The Board argues ALJ Kennedy's July 27, 2017 decision "was rendered after seven days of a due process hearing and . . . falls squarely in the situation for which the IDEA confers jurisdiction" under subsection (f). (*Id.*) By the Board's own measure of jurisdiction, the decisions of Judge James-Beavers and Judge Reba, as well as Judge Kennedy's September 24, 2015 decision, do not fall under subsection (f) because they were rendered *before* the due process hearing. As Judge Wolfson noted, the ALJ decisions that "merely denied the [Board]'s challenges to the due process petition" and did not occur after an impartial hearing. *J.R. and C.H. o/b/o S.R.*, 2016 WL 866934, at *4. Therefore, the Court does not have subject matter jurisdiction over Counts One through Four.

Therefore, Defendants' Motion to Dismiss Counts One through Four is **GRANTED**, and those Counts are **DISMISSED WITHOUT PREJUDICE**. *See In re Orthopedic "Bone Screw" Prod. Liab. Litig.*, 132 F.3d 152, 155-56 (3d Cir. 1997) (finding a dismissal for lack of subject matter jurisdiction is not a judgment on the merits and must therefore be without prejudice).

### B. Whether the Board's Challenge of Judge Reba's Decision to Order an Evaluation of S.R. (Count Two) is Moot

As the Court finds it does not have subject matter jurisdiction over Count Two, it need not reach the merits of Defendants' argument regarding whether the Board's claim is moot.

### C. Whether the Board Exhausted Its Administrative Remedies

Defendants argue the Court does not have subject matter jurisdiction over the Board's appeal of ALJ Kennedy's July 27, 2017 order finding the District failed to provide S.R. with a FAPE (Count Five). (ECF No. 4-2 at 10.) Defendants claim the Board failed to exhaust its administrative remedies because the Administrative Action had not concluded when the Board filed the Complaint. (*Id.*) Defendants' challenge of the Court's jurisdiction over Count Five constitutes a factual attack under Rule 12(b)(1). *Courtney v. Choplin*, 195 F. Supp. 2d 649, 650 (D.N.J. 2002) (finding the issue of whether a party exhausted all administrative remedies is a factual challenge). Therefore, the Court may consider evidence outside the pleadings. *Gould Elecs. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citations omitted). Further, "no presumptive truthfulness attaches to [the Board]'s allegations" *Daivs*, 824 F.3d at 346 (quoting *Mortensen*, 549 F.2d at 891).

The Board acknowledges it filed the Complaint before all proceedings before ALJ Kennedy concluded. (ECF No. 1 ¶ 62; ECF No. 5 at 10.) Despite this, the Board argues it exhausted its administrative remedies because "ALJ Kennedy's finding that the Board denied S.R. a [FAPE] represents a final judgment on the merits of the Board's position in this case." (ECF No. 5 at 9.) The Board argues the proceedings scheduled to take place after it filed the Complaint concerned the question of damages only. (*Id.* at 10-11.) The Board contends even if it failed to exhaust its administrative remedies, which it denies, the Court would nonetheless have jurisdiction because continued administrative proceedings could not provide the Board a remedy and the futility

exception would apply. (*Id.* at 8 (citing *W.B. v. Matula*, 67 F.3d 484 (3d Cir. 1995).)

The Court finds it has subject matter jurisdiction over Count Five because the futility exception to the administrative exhaustion requirement applies. *See Batchelor v. Rose Tree Media Sch. Dist.*, 759 F.3d 266, 280-81 (3d Cir. 2014). The Third Circuit has held the futility exception applies when the plaintiff in an IDEA case "had previously participated in hearings in front of an administrative law judge . . . and, in addition, the factual record was fully developed." *Id.* at 280 (citing *Matula*, 67 F.3d at 496). The Third Circuit has found the futility exception applies "to situations . . . where the court was not presented with educational issues to be resolved." *Id.* (citing *Derrick F. v. Red Lion Area Sch. Dist*, 586 F. Supp. 2d 282, 295 (M.D. Pa. 2008)). Here, Defendants argue this Court lacks subject matter jurisdiction because ALJ Kennedy's July 27, 2017 decision reserved judgment on J.R. and C.H.'s "claim for reimbursement for their unilateral out-of-district placement of S.R. at Lewis School, including transportation expenses." (ECF No. 4-2 at 12.) The Court finds the issue of reimbursement is a question of damages that does not deprive this Court of subject matter jurisdiction. *Batchelor*, 759 F.3d at 280-81 (citing *Vicky M. v. Northeastern Educ. Intermediate Unit 19*, 486 F. Supp. 2d 437, 453-53 (M.D. Pa. 2007) (finding "exhaustion would be futile where plaintiffs sought damages . . . and where no other educational issues needed resolution")). ALJ Kennedy's determination that the Board did not provide S.R. with a FAPE resolved the education issues associated with the Petition. The Board had no further recourse to challenge its liability in the Administrative Action. The Court finds the futility exception applies and subject jurisdiction over Count Five is proper.

Therefore, Defendants' Motion to Dismiss Count Five is **DENIED**.

## IV.  CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss the Board's claims (ECF No. 4) is **GRANTED IN PART** and **DENIED IN PART**. Defendants' Motion to Dismiss Counts

1, 2, 3, and 4 is **GRANTED**, and Counts 1, 2, 3, and 4 are **DISMISSED WITHOUT PREJUDICE**. Defendants' Motion to Dismiss Count Five is **DENIED**. An appropriate Order will follow.

**Date: May 29, 2018**                                        */s/ Brian R. Martinotti*
                                                             **HON. BRIAN R. MARTINOTTI**
                                                             **UNITED STATES DISTRICT JUDGE**